# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS

_____

| | |
|---|---|
| ROBERT CRAWFORD, | Cause No. CV-06-014-GF-SEH-RKS |
| Plaintiff, | ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY DEFENDANT'S FIRST MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE |
| vs. | |
| DR. DANIEL BENNETT, D.D.S., | |
| Defendant. | |

_____

This matter is currently pending before the Court on Defendant's First and Second Motions for Summary Judgment (Documents 35 and 63). Plaintiff is a pro se prisoner who was granted permission to proceed in forma pauperis in this matter on August 25, 2006. (Document 5). This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**A. FIRST MOTION FOR SUMMARY JUDGMENT–EXHAUSTION**

On May 2, 2008, the Court analyzed Defendant's First Motion concluding that there was a genuine issue of dispute regarding whether Plaintiff completed the grievance process with regard to the claims set forth in his Complaint and Amended Complaint. (Document 60). Accordingly, the parties were given an opportunity to present additional evidence on the issue.

While there are a number of grievances and inmate requests submitted by Plaintiff regarding his alleged lack of dental care, the only grievance which could be fully exhausted is Plaintiff's grievance dated November 20, 2003 and numbered 2003-11-050. In that grievance, Plaintiff contends he first filed a "kite" asking to see a dentist due to an infection on August 9, 2001. He states he has additional "kites" which he filed. He admits he saw a dentist, Dr. Bronecki, who faxed an opinion to Dr. Bennett but Dr. Bennett did not reply. Plaintiff complained that he had taken so many antibiotics that he was immune to them. He contended he had been suffering pain and discomfort for two and half years. The action requested was to get his mouth fixed right. The response to this request was dated November 28, 2003 and stated that Plaintiff was scheduled to see the dentist.

Plaintiff appealed the response to Grievance 2003-11-050 to Captain O'Fallon. In response to that appeal, Captain O'Fallon indicated that he looked into the issue and "it appears to me that your issue is not with this facility as this facility and our medical staff has addressed your dentistry issues." (Document 72-2, p.6).

Plaintiff appealed that response to the Sheriff on December 26, 2003. The Sheriff denied the appeal because the facility had done all it could in the matter. (Document 37-10: December 26, 2003 appeal to Sheriff).

In response to Defendant's Motion, Plaintiff produced a form entitled: "Appeal to DOC Contract Placement" but it is not numbered. (Document 40-2: January 8, 2004 grievance appeal). On that form, Plaintiff states that based on "the attached copies of grievance and appeals" (it is unclear what documentation was attached to this appeal), "the problem is not

within this facility but with DOC. I have been subjected to cruel and unusual punishment for an extended period of time years in fact. There is now damage done that could have been avoided." For the action requested, Plaintiff states "I want my mouth fixed right. Also the issues that I addressed above addressed as why my rights can be violated without any action. I am done with this treatment." (Document 40-2: January 8, 2004 grievance appeal).

Defendant disputes that Plaintiff submitted this final grievance appeal form. Affidavits filed by both Mike Ferriter, Director of the Montana Department of Corrections and Patrick Smith, Bureau Chief of the Montana Department of Corrections Contract Placement Bureau indicate that their staff reviewed the grievance appeal records between the dates of November 20, 2003 and November 4, 2004 and could find no record that Plaintiff appealed Grievance No. 2003-11-50. (Documents 61-2 and 61-3).

The Court has thoroughly reviewed the documentary evidence and affidavit testimony presented on this issue and concludes that the matter cannot be resolved on the current record. The Court also notes Defendant Bennett filed a Second Motion for Summary Judgment on the merits of Plaintiff's claims. (See Document 63). Given the factual questions presented by Defendant's First Motion for Summary Judgment and the Federal policy which favors determination of cases on their merits, *Howey v. U.S.*, 481 F.2d 1187, 1190 (9th Cir. 1973), it is the recommendation of this Court that Defendant's First Motion for Summary Judgment based upon Plaintiff's alleged failure to exhaust administrative remedies be denied without prejudice. This will allow the Court the opportunity to examine the merits of Plaintiff's claims. Should the Court deny Defendant's Second Motion for Summary Judgment on the merits of Plaintiff's

claims, Defendant may refile his motion to dismiss for failure to exhaust administrative remedies and/or raise this issue at trial.

**B.  SECOND MOTION FOR SUMMARY JUDGMENT–MERITS**

Defendant's Second Motion for Summary Judgment was filed on June 6, 2008 and Plaintiff has not yet filed a response.  Given the delay in ruling on Defendant's First Motion for Summary Judgment, the Court will allow Plaintiff additional time to file a response to Defendant's Second Motion for Summary Judgment.

Accordingly, the Court issues the following:

## ORDER

Plaintiff shall have until **October 17, 2008** to file a response to Defendant's Second Motion for Summary Judgment (Document 63).  Plaintiff should follow the advice given in the Notice and Warning to Pro Se Prisoner which was filed with Defendant's Motion for Summary Judgment. (Document 66).

Further, the Court issues the following:

## RECOMMENDATION

Defendant's First Motion for Summary Judgment (Document 35) should be **DENIED WITHOUT PREJUDICE.**

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND
CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those

portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A RECOMMENDATION OF DISMISSAL OF THIS CAUSE OF ACTION.**

DATED this 29th day of September, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge